UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

D/F

------------------------------------------------------------x
LAWRENCE GUGLIARA,

                Plaintiff,                      **ORDER**
                                               08-CV-612 (NGG)

            - v -

JOHN AVANZINO, ANGELINA GUGLIARA,
and PHILIP GUGLIARA,

                Defendants.
------------------------------------------------------------x
NICHOLAS G. GARAUFIS, United States District Judge.

By Memorandum and Order dated June 5, 2007, the court warned Plaintiff Lawrence Gugliara ("Plaintiff" or "Gugliara") that it would not tolerate the future filings of non-meritorious actions. See Gugliara v. Seidlin et al., 07-CV-1928 (NGG).[1] By Memorandum and Order dated

---

[1] Plaintiff has filed sixteen other *pro se* actions with this court. See Gugliara v. Dailey [sic] News, 08-CV-912 (NGG) (pending); Gugliara v. New York City Human Resource Center et al., 08-CV-909 (NGG) (pending); Gugliara v. Avanzino, 08-CV-612 (NGG) (dismissing complaint on February 25, 2008 pursuant to 28 U.S.C. § 1915(e)(2)(B), and directing Plaintiff to show cause within thirty days why he should not be barred from filing future in forma pauperis complaints); Gugliara v. Seidlin, 07-CV-1928 (NGG) (dismissing complaint on June 5, 2007 pursuant to 28 U.S.C. § 1915(e)(2)(B), and warning Plaintiff about the future filing of non-meritorious actions); Gugliara v. City of New York et al., 03-CV-4727 (NGG) (dismissing complaint on November 20, 2003 pursuant to 28 U.S.C. § 1915(e)(2)(B)); Gugliara v. City of New York et al., 03-CV-2128 (NGG) (dismissing complaint with prejudice on August 5, 2004); Gugliara v. Rubin et al., 03-CV-1234 (NGG) (dismissing complaint for failure to state a claim on May 1, 2003); Gugliara v. Flushing Savings Bank et al., 03-CV-443 (NGG) (dismissing complaint for failure to state a claim on May 1, 2003); Gugliara v. Emigrant Savings Bank, 03-CV-425 (NGG) (dismissing complaint for failure to state a claim on May 1, 2003); Gugliara v. Frank, Effman, Wienberg & Black et al., 03-CV-332 (NGG) (granting defendant's motion to dismiss with prejudice); Gugliara v. Avkar Realty et al., 02-CV-6797 (NGG) (dismissing complaint on May 1, 2003 for failure to state a claim upon which relief can be granted); Gugliara v. Moody et al., 02-CV-5496 (NGG) (dismissing complaint on May 9, 2005 for plaintiff's failure to amend his complaint); Gugliara v. Legal Aid Society et al., 02-CV-5067 (dismissing plaintiff's habeas petition filed pursuant to 28 U.S.C. § 2254 on December 18, 2002); Gugliara v. Emigrant Savings Bank et al., 02-CV-4225 (NGG) (dismissing complaint on December 18, 2002 for lack of subject matter jurisdiction); Gugliara v. Legal Aid Society et al., 02-CV-1654 (NGG) (dismissing plaintiff's complaint on September 28, 2004); Gugliara v. Metric and Inch In One Tool, Inc. et al., 99-CV-385 (JBW) (dismissing plaintiff's case with prejudice on July 1, 1999).

February 25, 2008, Plaintiff was directed to show cause by written affirmation within thirty days, by March 26, 2008, why the court should not bar the acceptance of any future *in forma pauperis* complaint Plaintiff may file. See Gugliara v. Avanzino et al., 08-CV-612 (NGG). Plaintiff failed to respond to this court's Order to Show Cause and instead filed two new actions with the court. See Gugliara v. New York City Human Resources Center et al., 08-CV-909 (NGG) (pending); Gugliara v. Dailey [sic] News, 08-CV-912 (NGG) (pending).

"If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005); see also Iwachiw v. New York State Dept. of Motor Vehicles, 396 F.3d 525, 528-30 (2d Cir. 2005). Accordingly, the court orders that (1) Plaintiff is enjoined from filing any new *in forma pauperis* action in the Eastern District of New York without first obtaining leave of this court; (2) the Clerk of Court is directed to return to Plaintiff, without filing, any action that is received without an application seeking leave to file. 28 U.S.C. § 1651. Nothing herein shall be construed to prohibit Plaintiff from filing an appeal of this Order; however, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 27, 2008
Brooklyn, New York

/signed/
NICHOLAS G. GARAUFIS
United States District Judge